## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN CHAVERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-2315-JBM |
| | ) |
| VICTOR CALLOWAY, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at the Danville Correctional Center ("Danville"), pursues a § 1983 action alleging that he has been held too long in custody, in violation of the Eighth Amendment. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff is admittedly serving a prison sentence for multiple felonies. He asserts that the Director of the Illinois Department of Corrections ("IDOC"), the Danville Warden and Danville staff have impermissibly calculated his sentences to run consecutively rather than concurrently, in violation of 730 ILCS 5/5-8-4(a). This statute provides:

§ 5-8-4. Concurrent and consecutive terms of imprisonment.

> (a) Concurrent terms; multiple or additional sentences. When an Illinois court (i) imposes multiple sentences of imprisonment on a defendant at the same time or (ii) imposes a sentence of imprisonment on a defendant who is already subject to a sentence of imprisonment imposed by an Illinois court, a court of another state, or a federal court, then the sentences shall run concurrently unless otherwise determined by the Illinois court under this Section.

Plaintiff claims that if the statute had been correctly applied, he would have been released on mandatory supervised release ("MSR"), also known as parole, some time between May 25, 2019 and July 23, 2019.  Plaintiff requests both money damages and injunctive relief.

Plaintiff may not pursue this claim in a § 1983 action, however, due to the rule of *Heck v. Humphrey,* 512 U.S. 477 (1994).  *Heck* provides that a plaintiff may not bring a § 1983 action for damages which challenge a conviction, if a judgment in his favor would necessary imply the invalidity of that conviction or sentence.  The *Heck* bar applies "until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Id.* at 489.

It has been determined that a § 1983 claim regarding sentence calculations comes within the bar of *Heck v. Humphrey*.  *See Beaven v. Roth*, 74 Fed. Appx. 635, 638 (7th Cir. 2003).  "A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies." (Internal citations omitted).  *See Id.* at 638, quoting *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000) (per curiam).  "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."

Accordingly, Plaintiff's claims as to the duration of his sentence may only proceed through a habeas petition, after he has fully exhausted his state remedies. 28 U.S.C. § 2254. An action for damages under § 1983 will not accrue until Plaintiff has successfully invalidated his confinement. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot assert a § 1983 damages claim until such time as his conviction has been overturned, expunged or invalidated. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 4/21/2020                                 s/Joe Billy McDade
ENTERED                                       JOE BILLY McDADE
                                                  UNITED STATES DISTRICT JUDGE